IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**DOROTHY MATTOS**,

           Plaintiff,

    v.

**WALMART, INC.**,

           Defendant.

Case No. 1:19-cv-01819-CL

**OPINION and ORDER**

_____

CLARKE, Magistrate Judge.

    Plaintiff, Dorothy Mattos, brings this cause of action for breach of a duty and negligence against the defendant, Walmart Inc., after a bag of dog food fell on her head. This case comes before the Court on two motions to strike (#19) and a motion for summary judgment (#13) submitted by the defendant. Full consent to magistrate jurisdiction was entered on March 3, 2020 (#12). On July 7, 2020, the Court held an oral argument hearing on the motion. For the reasons

Page 1 – OPINION and ORDER

below, the defendant's motions to strike (#19) are GRANTED in part and DENIED in part, and defendant's motion for summary judgment (#13) is DENIED.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## BACKGROUND

On December 10, 2018, Dorothy Mattos and her son, Theryl Eugene Whisenhunt, entered a Walmart in Eagle Point, Oregon, to shop for dog food. While standing in the aisle, a bag of dog

food fell from the top overstock shelf and struck Ms. Mattos in the head. This incident and the events leading up to it were recorded on Walmart's video surveillance.[1]

Walmart's video surveillance shows that prior to the incident, the area from which the bag of dog food fell was stocked by a Walmart employee. Approximately thirty minutes before the incident, a male Walmart employee moved a box and stacked dog food on the top overstock shelf. When the employee was done, several items may have been hanging over the edge of the shelves.

The video surveillance also shows that many individuals entered the aisle between the time the male employee finished stocking the shelves and the time Ms. Mattos entered the aisle. Some of these individuals were Walmart employees. No patron, including Ms. Mattos, or Walmart employee that entered the aisle touched the item or anything near the item that fell.

Ms. Mattos did not see the item fall or how it was positioned before it fell. However, Mr. Whisenhunt saw the dog food fall, saw the empty space from which he believed the dog food came, and observed other items on the shelves hanging over the edge. After the incident, Ms. Mattos hired forensic safety consultant Tom Baird. Mr. Baird reviewed the evidence and found that Walmart created an unreasonable risk by stocking its merchandise negligently.[2]

Plaintiff claims that Walmart was negligent in one or more ways. This includes failing to properly stock its shelves to ensure that dog food would not fall on Walmart's customers; failing to warn or protect Plaintiff from danger by placing appropriate signage about the hazard of

---

[1] The manner in which Walmart's surveillance video was submitted as evidence was incorrect because the details were the result of a witness' declaration. However, the facts relied on in this opinion are not in dispute. A jury will be able to make reasonable inferences using these facts.
[2] As discussed below, this expert opinion is stricken from the record, and the Court does not rely on it to deny the defendant's motion for summary judgment.

Page 3 – OPINION and ORDER

falling merchandise; and failing to adequately monitor the condition of Walmart's shelves. Defendant now moves for summary judgment.

## DISCUSSION

The defendant brings a motion for summary judgment claiming that Plaintiff lacks evidence necessary to support her premises liability claim. Plaintiff, in response, submits evidence, including an affidavit of Mr. Whisenhunt and a declaration of Mr. Baird, and asserts that a reasonable fact finder could find that Walmart was negligent. Defendant moves to strike both Mr. Whisenhunt's affidavit and Mr. Baird's declaration. The Court agrees with Plaintiff in part and Defendant in part.

### I. Defendant's motion to strike Plaintiff's expert opinion is GRANTED.

The Federal Rules of Evidence govern the admissibility of expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993). Specifically, Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

Rule 702 is necessary because, unlike an ordinary witness, "an expert is permitted wide latitude to offer opinions, including those that are not based on first-hand knowledge or observation." *Daubert*, 509 U.S. at 591. Thus, trial judges have the responsibility of acting as gatekeepers to ensure that all expert testimony is both relevant and reliable. *Kumho Tire Comp v. Carmichael*, 526 U.S. 137, 147 (1999). In some cases, the relevant reliability concerns of trial judges may focus on the personal knowledge or experience of an expert witness. *Id.* At 150.

Here, Plaintiff submitted a declaration of Mr. Baird, a "qualified forensic safety consulting expert." Decl. Baird ¶ 1 (#17-2). According to his declaration, Mr. Baird reviewed the pleadings and discovery of the case, including the surveillance video and deposition exhibits, and performed an "investigative analysis." Decl. Baird ¶ 2. Following this review, Mr. Baird formulated two opinions: first, that "Walmart's employees stocked its overstock shelf in such a way that the item that fell on Plaintiff was overhanging the edge;" second, "that this placement of this particular product, in this particular situation, was unreasonably hazardous and dangerous." Decl. Baird ¶ 3.

First, the Court is unable to determine whether the witness qualifies as an expert. The declaration fails to specify what knowledge, skill, experience, training, or education qualifies Mr. Baird as a forensic safety consultant. Thus, the court cannot ensure that Mr. Baird's testimony is reliable. Second, the Court is unable to determine which specific facts lead to Mr. Baird's conclusions. The declaration states that he reviewed the available evidence, but it does not indicate the facts that form the basis of his opinion. Third, it is unclear what methods or principles Mr. Baird relied upon to analyze the facts and reach his conclusions, let alone whether those methods are reliable. Essentially, none of the requirements of Rule 702 are met.

The motion to strike Mr. Baird's opinion is GRANTED. The Court notes that Plaintiff will not necessarily be precluded from re-offering Mr. Baird's opinion at trial; however, a proper foundation must be laid for the expertise of Mr. Baird and the opinion must meet all of the other requirements of Rule 702.

> **II.  Defendant's motion to strike Mr. Whisenhunt's affidavit is GRANTED in part and DENIED in part.**

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

Page 5 – OPINION and ORDER

or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A declaration based on a party's information and belief is not considered personal knowledge for the purposes of this rule. *Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.,* 944 F2d 1525, 1529 (9th Cir 1991), *aff'd,* 508 US 49 (1993). Additionally, the best evidence rule states that an original video is superior evidence to a party's recitation of that video, but the rule is inapplicable when a witness merely identifies a photograph or videotape as a correct representation of events which he saw or of a scene with which he is familiar. *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004).

      Mr. Whisenhunt does not have personal knowledge of events that happened prior to the bag of dog food falling on Plaintiff's head. He claims to know the bag's position prior to it falling on Plaintiff's head based on a combination of his "visual observation immediately after the incident, on [his] viewing of Exhibit 2 of Plaintiff's deposition, and on [his] complete review of the store surveillance video." Whisenhunt Aff. ¶ 3. However, he was not present for most of the video prior to the bag falling on Plaintiff's head. Whisenhunt Aff. ¶ 6-42. Additionally, he states that he only noticed the bag once it began to fall on Plaintiff's head. Whisenhunt Aff. ¶ 2-3. Because Mr. Whisenhunt did not see the bag prior to it falling on Plaintiff's head, his interpretation of the video surveillance up until that point cannot be a reflection of his own observations. Therefore, any part of Mr. Whisenhunt's testimony regarding the bag or its placement prior to it falling on his mother's head is not based on personal knowledge and cannot be supported under Rule 56. This testimony begins on line 16 of page two of Mr. Whisenhunt's affidavit and ends at line four of page seven of Mr. Whisenhunt's affidavit; these lines are stricken, as requested by the defendant.

By contrast, Mr. Whisenhunt has personal knowledge of events in the video beginning the moment the dog food fell on Plaintiff's head. Mr. Whisenhunt may use Exhibit 2 of Plaintiff's deposition as well as the surveillance video, at the moment the dog food falls on Plaintiff's head onward, to confirm information that he actually observed in real time. At trial, if the original surveillance video is available, it is the best evidence to present the facts of what happened on that video, not Mr. Whisenhunt's recitation of it. However, because Mr. Whisenhunt is using the video as a tool to reflect on events he observed, he has personal knowledge sufficient to satisfy Rule 56. This testimony includes up to line 16 of page two of Mr. Whisenhunt's affidavit and after line four of page seven of Mr. Whisenhunt's affidavit; these lines are not stricken.

Therefore, Defendant's motion to strike Mr. Whisenhunt's affidavit is GRANTED in part and DENIED in part.

### III. Plaintiff has raised a question of fact regarding Walmart's negligence; the defendant's motion for summary judgment is DENIED.

In Oregon, possessors of land have a duty to make the premises reasonably safe for an invitee's visit. *Hagler v. Coastal Farm Holdings, Inc.*, 309 P.3d 1073, 1082 (Or. 2013) (quoting *Hughes v. Wilson*, 345 Or. 491, 497 (2008)). The duty to make the premises reasonably safe "requires possessors of land to exercise due care to discover conditions on the premises that create an unreasonable risk of harm to invitees or warn them of the risk so as to enable them to avoid the harm." *Id.* (citing *Woolston v. Wells*, 297 Or. 548, 557-58 (1984)). Furthermore, the mere fact that an invitee was injured on the possessor's land does not, by itself, permit an inference of negligence. *Id.* (citing *Starberg v. Olbekson*, 169 Or. 369, 373-74 (1942)).

A factfinder can infer negligence under the principle of res ipsa loquitor if an "accident is of a kind which ordinarily would not have occurred in the absence of the defendant's negligence,

Page 7 – OPINION and ORDER

shows[2] the dog food fall, from which shelf it fell, and, potentially how it was positioned before it fell. Furthermore, Mr. Whisenhunt observed the item fall and which shelf it had fallen from. Whisenhunt Aff. ¶ 2-3. Therefore, Plaintiff has submitted enough evidence to raise a question of fact as to whether Walmart shelved the dog food negligently.

There is a question of fact regarding the safety of the shelved dog food. Walmart's surveillance video shows a Walmart employee stocking the shelf the dog food fell from approximately thirty minutes before the incident. When the employee finished, Plaintiff claims the video shows some items on the shelf hanging over the edge. This potentially unsafe shelving is corroborated by Mr. Whisenhunt's account that, after the bag fell, he noticed other items in the same area hanging over the edge. Whisenhunt Aff. ¶ 43. Mr. Whisenhunt testified that he saw the dog food fall, saw the empty space from which he believed the dog food came, and observed other items on the shelves hanging over the edge. Whisenhunt Aff. ¶ 43. At the very least, this evidence raises a question of fact as to whether the dog food was shelved in an unsafe manner.

Finally, the lack of an intervening cause raises a question of fact regarding Walmart's negligence. Walmart's surveillance video shows that after the shelf was stocked and before the incident occurred, several Walmart employees walked through the aisle. The video shows no patron of Walmart, including Ms. Mattos and Mr. Whisenhunt, nor any employee of Walmart touched the item that fell or anything near the item that fell between the time the shelf was stocked and the time the incident occurred. This lack of an intervening cause is corroborated by Mr. Whisenhunt's account. Mr. Whisenhunt testified that he and his mother only looked at the

---

[2] As discussed above, the form of evidence that Plaintiff has used to submit the details of the video is improper and a portion of that evidence has been stricken from the record. However, the defendant does not claim that the video does not exist, and no dispute has been raised about the contents of the video. The fact that it shows the aisle in question, the comings and goings of patrons and employees, and the action of the bag of dog food falling on Plaintiff's head is not in dispute. It will be up to a jury to view the sequence of events on the video in light of all the other evidence to determine if Walmart was negligent in the ways alleged.

shelves in the aisle. Whisenhunt Aff. ¶ 2. They did not touch, grab, or move anything in the aisle before the dog food fell. Whisenhunt Aff. ¶ 2. Therefore, the lack of an intervening cause and the evidence submitted by Plaintiff is enough to overcome Defendant's motion for summary judgment.

## ORDER

For the reasons stated above, the defendant's motions to strike are GRANTED in part and DENIED in part.  The motion for summary judgment (#13) is DENIED.

It is so ORDERED and DATED this 18th  day of August, 2020.


/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge